Please be seated. Mr. Craig, will you call the next case? Case number 3301660, People of the State of Illinois, Appalachia, by Robert Keyes v. Donald Murray, a felon by daily practice. Mr. Craig? Good afternoon. Your first trip here? Yes, it is. We don't bite. At least I don't bite. Make yourself at home. Thank you. May it please the Court, Counsel? I'm Kelly Craig from the Office of the State Appellate Defender on behalf of the defendant, Donald Murray. The issue I will primarily be addressing today is Issue 1, the excessive sentence argument. The trial court abused its discretion in sentencing Donald Murray to 15 years in prison, the maximum sentence, when it failed to consider mitigating factors, considered and gave too much weight to improper and unfair factors, and injected personal prejudices into the proceedings. For these reasons, we ask that this honorable court reduce Murray's sentence or, alternatively, we ask that this court vacate Murray's sentence and remand for resentencing in front of a different judge. In addition, we ask that Murray's drug assessment be reduced by $1,470 to reflect the $5 per day credit to which he is entitled. The State has conceded that second issue. Donald Murray pleaded guilty in an open plea to possession of a controlled substance with an intent to deliver between 1 and 15 grams of heroin. The State presented the factual basis. The State's evidence would have shown that Murray was present at a party at his friend Benjamin Fritz's house on January 15, 2009. Witnesses saw Murray sell one gram of heroin to Fritz. Fritz then cut the heroin into two lines because his friend Daniel Hall wanted a line. Hall, however, snorted an entire pile of heroin instead of the one line. Sadly, Fritz and Hall both passed away that weekend from drug overdoses. Defense counsel believed that the State would be able to prove that Murray was present at the party, that he did sell the heroin, and that it was his intent to deliver it while he was there. Thus, Murray pleaded guilty. The minimum sentence for this crime and the presumption under the statute was a term of probation, which is what defense counsel recommended. The State recommended Murray receive 12 years of imprisonment, but the trial judge sentenced him to 15 years imprisonment, the maximum sentence. A number of errors in this case occurred at the sentencing hearing and at the hearing on the motion to reconsider sentence. First of all, there were numerous mitigating factors in Murray's case, yet the trial judge did not consider a single one. The judge should have weighed the aggravation as well as the mitigation. Instead, the judge stated that he, quote, found no factors in mitigation at all. The State argues on appeal that this was just a less than ideal way of saying that these factors were not convincing or dispositive. But the judge's language was clear. He did not say the mitigating evidence was not convincing. He said that there was none. In fact, defense counsel included the judge's failure to consider mitigating evidence in his motion to reconsider sentence, but at the hearing on the motion, the judge in no way clarified his comment. There were seven factors of mitigation that the judge should have considered. First of all, Murray was charged with possessing and delivering one gram, the smallest amount of heroin, under a Class I felony. It is what the factual basis was based on, and any amount less than one gram would have been a Class III felony with a sentence of two to five years. Murray had no prior convictions. The State would argue that because Murray was a drug addict and admitted to using drugs and selling drugs to support his addiction, that he was still a lawbreaker. However, criminal records are not considered solely to demonstrate that a person was caught breaking the law. Criminal records can demonstrate that a person has been incarcerated or has undergone treatment, and at the conclusion of that disposition, that person continued to break the law anyway. This Court has likely seen a number of criminal defendants that are drug users who come in with lengthy criminal records and repeatedly do not respond to rehabilitative or retributive techniques. It is significant that Mr. Murray had no prior convictions. Let me ask you. Okay, the maximum sentence is 15 years, right? Yes, sir. Now, in this case, the evidence was that your client delivered this heroin. The charge was possession with intent to deliver, but the factual basis also was that he did deliver it, right? Correct. And two people died. Correct. What would one have to do to deserve a maximum sentence under this Class I felony? What would one have to do to qualify for it if this did? Well, the state was never able to prove that the heroin was the proximate cause of the deaths in this case. There is a charge the state could have brought, which would have been drug-induced homicide, which is a Class X felony, and they did not bring that charge, which means that they could not prove the deaths, and the toxicology and pathology reports do not prove definitively that the deaths were caused by the heroin. So the judge is unfairly holding Mr. Murray responsible for these deaths and treating this like it was a drug-induced homicide case, which it was not. Well, could it also be that the state's attorney gave your client the break? They look at all this stuff and make that decision on what to charge him with as opposed to do that because of his lack of a record. You know, sometimes those prosecutorial decisions are made on what to charge him with. And sometimes they overcharge in addition to make sure that the person will plead guilty to a lesser charge. And here he pleaded guilty to the most severe charge, which was the possession of one gram with intent to deliver. Another mitigating factor is that Murray was relatively young at the time of this offense and he had rehabilitative potential. He was 24 years old at the time of the offense, and his uncle, James Brockman, testified at the hearing on the motion to reconsider sentence that Murray signed up for drug rehabilitation and counseling at Lawrence Correctional Center as well as some trade and education classes without any prompting from Brockman. Murray also expressed a desire to better himself, and he wanted to be a better provider for his young son. Murray grew up in a poor social environment and struggled with drug addiction. He was raised by his grandparents because both of his parents were drug addicts. His grandparents passed away, and at the age of four... Was James Brockman a drug addict? It's unclear when they passed away. His uncle said that when they passed away, Murray was just kind of left alone. At the age of 14, he started using drugs, and despite all this, he still managed to finish high school and take some college courses. He also held a job for nearly four years, and he spent time with his son nearly every day. Another mitigating factor is that Murray showed remorse. Both Fritz and Hall were friends of Murray's, and he stated that he would have stayed in Chicago if he had known that this would happen. Another factor is that Murray entered a blind plea with a full range of sentences. He was prepared to face the consequences and accept responsibility for his conduct, but the trial judge did not show Murray any leniency. Finally, Murray did not contemplate the harm in his offense. He used heroin every day, he found it safe for himself, and he found it safe for his friends. There were clearly mitigating factors in this case that the trial judge should have considered, but the trial judge found that there were none. The judge should have weighed the mitigation and the aggravation, and sentenced Murray in a way that more accurately reflected the significant mitigation that I've just discussed. The trial court gave too much weight to aggravating factors, and it also considered inappropriate and unreliable factors in sentencing, resulting in an unfair and excessive sentence. Murray was only alleged to have brought Xanax and heroin to this party, yet the judge repeatedly stated that Murray also brought cocaine to the party, although there was no evidence of this. A few of the judge's comments were, I'm convinced that you brought the cocaine that made its way into their bloodstream, which resulted at least in part in respiratory failure and a death. The judge also stated, I mean, they took the coke, the heroin, and cocaine on their own, but you supplied it. The state argues on appeal that this reference to cocaine hardly matters, and that Murray would not have been in a worse position if he had brought the cocaine to the party, but this is simply not true. One of the deceased, Benjamin Fritz, his cause of death was morphine and cocaine toxicity. The pathologist in Fritz was unable to determine that the morphine was attributed to heroin, so the cocaine may have been the proximate cause of Fritz's death. Murray did not deliver any cocaine to him, and suggesting that he brought the cocaine to the party when there was no evidence of this is patently unfair and improper. The judge was trying to hold Murray responsible for all of the drug use at that party with absolutely no evidence. Well, listen, isn't all morphine a derivative of heroin? Now, I'm no expert at toxicology, but in this particular case, it was the same pathologist that did the testing on both of the deceased. And next to Mr. Hall, it said morphine and then parentheses heroin, which to me reads that the morphine was derived from the heroin. But then in Mr. Fritz's case, it just said morphine with no heroin in parentheses. So considering it was the same pathologist and assuming the same methods, how would she have been able to find heroin from the morphine in one but not the other? So that was... I just didn't feel the explanation was necessary on the second one. I don't know, but do you know of morphine coming from any place other than being a heroin derivative? That wasn't in the record. The pathologist didn't testify. We really don't have much to go on as far as that. And similar to that point, the court unfairly held Murray responsible for the deaths of Fritz and Hall. This was a party where drugs were present. The ones we know of are heroin, cocaine, methamphetamine, Xanax, and alcohol. And at the end of this party, two people tragically died. The judge made a finding of responsibility for the deaths, and he placed the blame on Murray. A charge, as we discussed before, a charge exists for this, and it could be drug-induced homicide. But the state, who knows the case better than the judge, did not bring the drug-induced homicide as one of the charges against Mr. Murray. The judge in this case punished Murray for that offense. He treated this case like it was a drug-induced homicide, yet it was possession with intent to deliver a small amount of heroin. At one point, the judge said that he was disappointed that all he could give Murray was 15 years. The judge would have liked to give him more time. The state argues on appeal that Murray stipulated to heroin being a causative factor in the two deaths. Just to be clear, this is not the case. After the state and the trial court read the basis, defense counsel was careful to agree that the state's evidence would have shown it. Murray was at the party. He did sell heroin, and it was his intent to deliver it. Defense counsel did discuss and agree that two people died, and he would have been remiss in ignoring the deaths. And no one was arguing that there were no deaths. But defense counsel in no way stipulated that Murray was the proximate cause of anyone's death. It was unfair and an abuse of discretion for the trial judge to consider improper factors during sentencing. The trial judge also injected improper personal prejudices into the proceedings. He made a number of inappropriate remarks. As discussed previously, this is not a drug-induced homicide case.  But when discussing why he doesn't always give the maximum, the judge said he likes to leave some room at the top in case somebody comes in worse. He then said, I can't think of anything worse unless maybe he killed three people. He then corrected himself to say that Murray didn't kill the people, but that he supplied the heroin and cocaine, which he should not have said. The judge should have only been evaluating the possession with intent to deliver, not the deaths of Fritz and Hall. Let me ask you, if a judge is sentencing, had a sentencing hearing, and the prosecutor comes in and says, hey, look, judge, we've got evidence that the defendant, after a discharge and after he was convicted, went out and was arrested last night or last week for armed robbery or whatever, delivery of drugs. This defendant hasn't been convicted of anything, proven guilty, just arrested. The judge can consider that in the sentencing, can he? Yes. But in this case, he didn't just consider it an aggravation. He treated this like it was a drug-induced homicide case. He gave him the maximum despite all of the mitigating factors. What's the maximum for a drug-induced homicide? If it's class X, it should be 6 to 30. He didn't really treat it. I mean, he treated it seriously, but clearly understood what the charge was, what the range of punishment was. Well, had he gone over the 15, we would have had a much larger issue as well. He also made a comment, who knows honestly if your sales resulted in any other deaths. I won't consider if that ever happened. But in People v. Wardell, if it is on his tongue, it most assuredly must be on his mind. He improperly considered this despite saying that he did not. The judge also said that he was outraged, and then he sentenced Murray to the maximum sentence. Because the trial court abused its discretion in sentencing Donald Murray to 15 years in prison, the maximum sentence, and because the trial court failed to consider mitigating factors, considered and gave too much weight to improper and unfair factors, and injected personal prejudices into the proceedings, we ask this honorable court to reduce Murray's sentence, or alternatively, we ask that this court vacate Murray's sentence and remand the case for resentencing in front of a different judge. In addition, we ask that Murray's drug assessment be reduced by $1,470 to reflect the $5 per day credit to which he is entitled. Thank you, Ms. Crick. Thank you. And Mr. Hanson? Good afternoon, your honors. May it please the court, counsel. I'll be fairly brief in my remarks, your honors. The judge did not abuse his discretion regarding sentencing the defendant to the maximum of 15 years, nor did he fail to consider mitigating factors, nor did he give too much weight to improper factors, nor did he inject personal bias. As an overview to the absence of abuse of discretion, two deaths resulted in part, and everybody here said it was in part, from the heroin. The defendant had a background as an abuser of various drugs, and also he sold heroin and Vicodin, as this court has happened. The judge gave the mitigating factors little weight. His reference to cocaine was harmless. I'll say more about that later. This is just my overview now. There was no personal bias at sentencing, just recognition this was a serious offense. The law of sentencing discretion, your honors, know all the cases. It's set out in my brief. The judge is presumed to consider mitigating evidence, the sentence aside. Just because the sentence is very severe doesn't mean he didn't consider mitigating evidence. Rehabilitation possibility may be outweighed by the seriousness of the crime. Prior drug use is an aggravating factor. So is the need to protect the public. The judge said there were no factors in mitigation. That was his inarticulate way of saying mitigating factors were unconvincing, and I cite law about that in my brief. The judge did note in mitigation, after saying there were none, that the defendant relied on drugs to cope and he'd lost friends and family from his drug abuse. So the judge quickly contradicted himself that there were no mitigating factors by stating them and considering them. This is a Class I felony. That governs 1 to 15 grams. There was a good deal of heroin there. He was charged with selling 1 gram, but look at page 5 of my brief. It establishes all the heroin that was there, much more than 1 gram. The defendant sold it. He was 24, had been using drugs since age 14. He also sold drugs. He did express remorse, but it was quite terse. Look at page 15 of my brief. The defendant here specifically knew the harm he could cause. He warned at the scene, be careful, one's pure. That's a quote. Again, that's in my brief. He sold drugs to others at a drug party. The judge's statement regarding no factors in mitigation given this record simply meant the mitigating evidence was minimal and nothing to justify a lighter sentence. And then I cite the Davenport case at page 6 of my brief, which will back me up on that. Regarding the judge's improper comment about cocaine, no matter. The defendant's heroin helped to cause two deaths. It was not raised below that cocaine point. The defendant does not claim plain error. The appellate court should not consider it. That matter is not properly before this court. There was enough evidence, easily enough evidence, in all candor, Your Honors, to say that heroin contributed to the deaths of Mr. Fritz and Mr. Hall. In essence, the defendant below agreed it did. Don't take my word for it. Again, I cite these in my brief, pages 7 to 11. But there is support for my position at R31, 32, 39, 40, 41, 46, 49, and 56 to 57. He only partially complained about that even in his motion to reconsider sentence. Again, he didn't raise it below other than that one partial mention in the motion to reconsider sentence. Procedural default once again. He didn't check below. That's the Enoch case. Again, that's in my brief. The assistant state's attorney said that heroin was a cause of the death and morphine is a heroin metabolite. No great information there. Morphine is a heroin metabolite. Defense counsel agreed with this factual basis. Later, at a motion hearing, the assistant state's attorney again said the defendant brought heroin to the party and that there was cocaine, methamphetamine, and other drugs there. Two people died as a result, she or he. There was a female and a male assistant state's attorney involved here. I'm not sure which one said that. Defense counsel said the defendant may have been a partial cause of the death. Again, this is all set out in those pages I just gave you. Later, defense counsel said two deaths occurring was a legitimate factor in aggravation. At the sentencing hearing, the assistant state's attorney wanted to present forensic pathology autopsy reports regarding the decedents, Mr. Fritz and Mr. Hall, both of which said heroin was part of the cause of the death. We argued that in the brief. In one, they didn't use the heroin, but they used morphine, which is the metabolite, and the state's attorney had said clearly morphine was a metabolite. Defense counsel made no objection to the mission of the reports, just to their weight. In context, your honors, in context, look at the record there. It's my friend. In context, no question the morphine came from heroin, or at least no reasonable question about that. It was a causative factor in each death. Defense counsel argued that the consequences of the death were tragic and said the defendant's providing heroin was a contributory factor. Look at pages 7 and 11 of my brief in this regard. Clearly, the defense admitted, stipulated to the death being at least partially, deaths being at least partially caused by heroin. Even if this court wants to be what I would consider unduly critical of the two autopsy reports, wording one not using the word heroin, the defendant patently caused one death with heroin. That's not greatly to his credit. Look at the reports. They make my point. Regarding the defendant's claim of the judge's personal bias, no. Again, it wasn't raised below, hence it's defaulted on appeal. The judge simply noted that the defendant supplied heroin, then erroneously mentioned the cocaine. The two voluntarily took it, and it contributed to the two deaths, but did not kill them. That's R116. The judge is being fair. He wasn't overstating the causative role the heroin played here. The judge mused about whether or not defendant sales caused any other deaths, but said he would not consider that. I think he's entitled to have us take him at his word. The judge said he was, quotes-and-quotes, outraged regarding these facts. He was saying it was a very serious crime. Isn't a judge entitled to express society's outrage? Personal comments of a judge are hardly reversible error. I cite three cases, Primm, Colzal, Steffen. Again, they're in my brief. The judge said the defendant did not qualify for that statutory presumption of probation by delivering drugs with people dying. It's not that he didn't consider that probation was a possibility. He decided defendant wasn't worthy of it. His remark that he was sorry he couldn't give a higher sentence is of no moment. It was simply his statement this was a serious crime, which he thought deserved a higher sentence. He said, however, again, taking judge's word, that was a remark meant for the legislature, not the defendant. Additionally, and the defendant doesn't recognize this, obviously, the defendant doesn't recognize this on appeal, the defendant also sold Xanax this day and provided heroin to three others. That's at par 68. Your Honors, the judge here was fair and reasonable, well within his discretion. The defendant got a break by being charged with a lesser offense he could have been charged with. The judge was fair and reasonable, perhaps a bit severe, but the most that can be said of him is he wasn't terribly merciful. No law says a judge needs to be merciful. He nearly needs to be reasonable and fair. That concludes my comments, Your Honors. Thank you. Okay, thank you, Mr. Hanson. And Ms. Gray? Some of the arguments that were made have been addressed already in the reply brief, but just to point on some of the ones that stuck out to me, we don't know that Mr. Murray had a good deal more of heroin. The factual basis still described 1 gram of heroin. Had it been 15 grams of heroin, surely the state would have said 15. Even if it were slightly more than 1 gram, it would still be on the low range of the 1 to 15, even if it was 3 or 4, that's still far less than 15. And just as I discussed earlier, the issue, defense counsel below, he did not agree that Mr. Murray was the proximate cause of the deaths. He agreed there were deaths, and that's what the evidence would have shown. And in Mr. Hall, his cause of death was heroin, methamphetamines, and alcohol. There was no one cause of death. We don't know that the heroin was the only cause of death. And that's similar to a case I cited in my opening brief, People v. Gant. And that was a case where there was a robbery where two men robbed a woman and dragged her by her hair, and two days later she died. And the court in that case held that at sentencing that the death was unfairly considered because it was not shown that their actions were the proximate cause of her death. So, you know, it's not, we don't know for sure that the defendant caused death. Just another thing, counsel discussed drug use and drug addiction as aggravation. They can also be used as mitigation. There is case law on the other side of that, too. For several of the aggravating factors, there's case law on the other side of it. But, you know, we just maintain that he was charged with possession with intent to deliver one gram of heroin. This was not a drug-induced homicide. The state, if they could prove it, perhaps they would have charged it as a drug-induced homicide. And we feel that the sentence was excessive at 15 years where the judge failed to consider those mitigating factors. And as I discussed, there were seven of them. Even if the judge mentioned one of them, he certainly discounted it by pulling it off, turning it into aggravation, and then saying, you know, as far as mitigation, there was none. The judge was clear. Let me ask, if you found, let's say the judge got on record and said, you know, I found no prior convictions. I find that a mitigating factor. And whatever, and he had a tough life as a kid. I find that a mitigating factor. Would they have prevented him from axing his kid out? You know, we would still, yes, it would have prevented it. I mean, yes. Because he still made all of the other improper comments that showed his prejudices in this case. So even if he had discussed some mitigating factors and said, oh, I find that the lack of conviction is mitigating, you know, he clearly just did not take anything into account, anything positive into account in this case. And then his comments about, well, you know, the only way this is worse is if you killed three people, and who knows how many deaths your other sales have caused. I mean, the things he said, and I wish I could give you more than 15 years, and says that that really is displeasure with the legislature. But he said it, too, and about Murray. So with all of his improper comments, we would still be up here even if he said he was considered mitigation. So that's it. Thank you. And thank you both for your arguments today. We'll take this matter under advisement. In fact, we've written this decision within a short day. We'll now take a short break.